Justin Sobodash, State Bar No. 217450
LAW OFFICE OF JUSTIN SOBODASH, P.C.
8335 West Sunset Boulevard, Suite 302
West Hollywood, California 90069
Telephone: (323) 337.9010
Facsimile: (323) 656.7155
justin@sobodashlaw.com

Attorney for Plaintiff
Pelm Products LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PELM PRODUCTS LLC, a New York limited liability company; DOES 1-20, | Case No.: _____ |
| Plaintiff, | **COMPLAINT** |
| v. | |
| PLAZA FABRICS INC., a California corporation; DOES 1-20, | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff PELM PRODUCTS LLC a New York limited liability company d.b.a. J. Allen Fabrics ("PELM" or "Plaintiff") who by and through its undersigned attorney of record hereby alleges these causes of action against Defendant, PLAZA FABRICS INC. ("PLAZA" or "Defendant"), as follows:

## JURISDICTION AND VENUE (L.R. 8-1)

1. This Court has subject matter jurisdiction under 28 U.S.C. §1331 because the case concerns a question arising under the laws of the United States of America, under 28 U.S.C. §1338 because the case arises from an act relating to trademarks.

2. This Court has subject matter jurisdiction over the State law claims pursuant to the principles of supplemental jurisdiction under 28 U.S.C. §1367, because they are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Pursuant to 28 U.S.C. §1391(b), this Court is the proper venue for trial of this matter because a substantial part of the events subject of this Complaint, incurred in this judicial district.

**PARTIES**

4. Plaintiff is a limited liability company formed under the laws of the state of New York with its principal place of business in Whittier, Los Angeles, County, California.

5. Plaintiff is informed and believes, and on that basis alleges, that Defendant is a California corporation with its principal place of business in Los Angeles County, California. Upon information and belief, Defendant is a fabric supplier to manufacturers of home furnishings, recreational vehicle manufacturers, specialty products producers, and the hospitality industry.

6. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1-20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend the complaint to allege their true names and capacities when ascertained.

**FACTUAL BACKGROUND**

7. Plaintiff wholesales a broad line of upholstery products including but not limited to, textures, chenille, vinyl, faux suede, jacquards, to the home furnishing industry throughout North America.

8. Plaintiff has been using the term "HUDSON" as a trademark to sell unique and original fabric since at least June 2016, and through its continuous use of the mark, Plaintiff has acquired common law trademark rights in the mark.

9. Furthermore, Plaintiff has been using the term "BARCELONA" as a trademark to sell unique and original fabric since at least July 2013, and through its continuous use of the mark, Plaintiff has acquired common law trademark rights in the mark.

///

///

10. Plaintiff has been using the term "SINBAD", as a trademark to sell unique and original fabric since at least November 2012, and through its continuous use of the mark, Plaintiff has acquired common law trademark rights in the mark.

11. Plaintiff has been using the term "MONTE CRISTO", as a trademark to sell unique and original fabric since at least September 2012, and through its continuous use of the mark, Plaintiff has acquired common law trademark rights in the mark.

12. Plaintiff has been using the term "MERCEDES", as a trademark to sell unique and original fabric since at least September 2012, and through its continuous use of the mark, Plaintiff has acquired common law trademark rights in the mark.

13. Plaintiff has also been using the term "FLUFFY", as a trademark to sell unique and original fabric since at least July 2012, and through its continuous use of the mark, Plaintiff has acquired common law trademark rights in the mark.

14. Plaintiff has been using the term "STINGRAY", as a trademark to sell unique and original fabric since at least December 2011 and through its continuous use of the mark, Plaintiff has acquired common law trademark rights in the mark.

15. Plaintiff's marks "BARCELONA"; "HUDSON"; "SINBAD", "MONTE CRISTO", "MERCEDES", "FLUFFY", and "STINGRAY" are distinctive to both the Public and Plaintiff's trade.

16. Plaintiff has never expressly or impliedly authorized Defendant to use its trademarks in connection with their own commercial enterprise. Any use by Defendant of Plaintiff's marks is unauthorized.

17. The products Plaintiff offers under each trademark are of high quality. Each fabric sold and distributed by Plaintiff is made to meet 70,000 double rubs under the Wyzenbeek abrasion test.

18. As a result of Plaintiff's expenditures and efforts, the Marks have come to signify the high quality of the goods designated by the "BARCELONA"; "HUDSON"; "SINBAD", "MONTE CRISTO", "MERCEDES", "FLUFFY", and "STINGRAY" Marks, and have acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

19. Defendant is a fabric supplier to manufacturers of home furnishings, recreational vehicle manufacturers, specialty products producers, and the hospitality industry

20. Upon information and belief, without Plaintiff's authorization, beginning after Plaintiff acquired protectable exclusive rights in its "BARCELONA"; "HUDSON"; "SINBAD", "MONTE CRISTO", "MERCEDES", "FLUFFY", and "STINGRAY" Marks, Defendant adopted and began using marks identical to Plaintiff's in commerce within the United States.

21. Plaintiff recently learned that Defendant has been using Plaintiff's "BARCELONA" trademark to market a knock-off fabric under the name "Barcelona" (the "Infringing Barcelona Fabric").

22. Plaintiff also recently learned that Defendant has been using Plaintiff's "HUDSON" trademark to market a knock-off fabric under the name "Hudson" (the "Infringing Hudson Fabric").

23. Plaintiff recently learned that Defendant has been using Plaintiff's "SINBAD" trademark to market a knock-off fabric under the name "Sinbad" (the "Infringing Sinbad Fabric").

24. Plaintiff recently learned that Defendant has been using Plaintiff's "MONTE CRISTO" to market knock-off fabrics under the name "Monte Cristo" (the "Infringing Monte Cristo Fabrics").

25. Plaintiff recently learned that Defendant has been using Plaintiff's "MERCEDES" trademarks to market knock-off fabrics under the name "Mercedes" (the "Infringing Mercedes Fabrics").

26. Plaintiff recently learned that Defendant has been using Plaintiff's "FLUFFY" trademark to market a knock-off fabric under the name "Fluffy" (the "Infringing Fluffy Fabric").

27. Plaintiff recently learned that Defendant has been using Plaintiff's "STINGRAY" trademark to market a knock-off fabric under the name "Stingray" (the "Infringing Stingray Fabric").

28. The Infringing Marks adopted and used by Defendant are identical to Plaintiff's Marks. Particularly, the lettering, color and format of Defendant's Infringing Marks are identical to

///

///

the lettering, color and format of Plaintiff's lawful marks. Both exhibit the same font, are written in capital letters, and both are located at the bottom of the Sample Rings right before the color of the fabric is listed.

29. Plaintiff is informed and believes, and on that basis alleges, that certain Defendant's Infringing Barcelona Fabrics, are identical in color to Plaintiff's product.

30. Plaintiff is informed and believes, and on that basis alleges, that identical Barcelona fabrics are likely not the only of Defendant's infringing fabrics that are identical to Plaintiff's products. Plaintiff reserves the right to supplement the record upon finding of further information.

31. Plaintiff is further informed and believes Defendant's product is substantially inferior to Plaintiff's product. Defendant's sample rings indicate their fabrics meet 30,000 double rubs. Meanwhile, Plaintiff's products meet more than double the number of double rubs at 70,000.

32. Plaintiff is informed and believes, and on that basis alleges, that Defendant has advertised, distributed, marketed and sold their inferior products bearing their Infringing Marks to Plaintiff's same customers at a lower price.

33. Plaintiff is informed and believes, and on that basis alleges, that Defendant intentionally and willfully adopted Plaintiff's marks ("BARCELONA"; "HUDSON"; "SINBAD", "MONTE CRISTO"; "MERCEDES"; "FLUFFY"; and "STINGRAY") in an effort to confuse consumers and trade off of Plaintiff's goodwill.

34. Plaintiff is informed and believes, and on that basis alleges, that Defendant has sold thousands of yards of its Infringing Fabrics and continues to do so to the detriment of Plaintiff's good will, economic success, and reputation in the industry.

## FIRST CAUSE OF ACTION

### (Trademark Infringement—False Designation of Origin)

35. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

36. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services…uses in commerce any word, term, name, symbol…or any false designation of origin, false or misleading description of fact, or

false misrepresentation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation…or as to the origin, sponsorship, or approval of goods [or] services…shall be liable in a civil action….”

37. Plaintiff had been exclusively using its marks ("BARCELONA"; "HUDSON"; "SINBAD", "MONTE CRISTO"; "MERCEDES"; "FLUFFY"; and "STINGRAY") to sell unique and original fabrics in the course of business and did not expressly or impliedly authorize Defendant the use of any of its marks.

38. The subsequent acts of Defendant as described herein in marketing, promoting, and selling its infringing products, while making use of the Infringing Marks, constitute a) false designation of origin; b) a false and misleading description of fact; and c) a false and misleading representation of fact.

39. Defendant's unlawful use of Plaintiff's marks has been to sell, market and promote goods identical to Plaintiff's goods.

40. The lettering, color and format of Defendant's infringing marks are similar in lettering, color and format to Plaintiff's lawful use of their marks.

41. Defendant's product bearing the Infringing Marks are significantly inferior to Plaintiff's products.

42. Upon information and belief, Defendant has also sold, distributed and advertised their infringing products to the same customers of Plaintiff's products thereby entering the same channel of trade as Plaintiff's products.

43. Defendant's actions have caused, and will continue to cause, confusion, mistake or deception as to the affiliation of Defendant's products with Plaintiff, and have caused, and will continue to cause confusion, mistake or deception as to the origin of Defendant's products and as to whether Plaintiff sponsors or has authorized the sale of Defendant's products, all in violation of Section 43(a) of the Lanham Act.

/ / /

/ / /

/ / /

44. Plaintiff is informed and believes, and on that basis alleges, that Defendant intentionally and willfully adopted Plaintiff's marks ("BARCELONA"; "HUDSON"; "SINBAD", "MONTE CRISTO"; "MERCEDES"; "FLUFFY"; and "STINGRAY") in an effort to confuse consumers and trade off of Plaintiff's goodwill.

45. Defendant's unlawful use of the Plaintiff's marks ("BARCELONA"; "HUDSON"; "SINBAD", "MONTE CRISTO"; "MERCEDES"; "FLUFFY"; and "STINGRAY") has damaged, and is continuing to damage, the goodwill associated with the superior product sold by Plaintiff, and has lessened the capacity of the Plaintiff's marks ("BARCELONA"; "HUDSON"; "SINBAD", "MONTE CRISTO"; "MERCEDES"; "FLUFFY"; and "STINGRAY") to identify and distinguish the goods and services of Plaintiff, in direct violation of Section 43(a) of the Lanham Act.

46. Defendant's acts alleged herein have damaged Plaintiff and will, unless preliminarily and permanently retrained and enjoined, further impair the value and goodwill of Plaintiff's marks ("BARCELONA"; "HUDSON"; "SINBAD"; "MONTE CRISTO"; "MERCEDES"; "FLUFFY"; and "STINGRAY") and Plaintiff's business reputation. Plaintiff has no adequate legal remedy.

47. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CAUSE OF ACTION

**(Common Law Trademark Infringement)**

48. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

49. Plaintiff is the owner of common law rights in marks "BARCELONA", "HUDSON", "SINBAD", "MONTE CRISTO", "MERCEDES", "FLUFFY", and "STRINGRAY".

50. Plaintiff has not authorized Defendant, expressly or impliedly, to use their marks in commerce.

51. Defendant's use of Plaintiff's marks ("BARCELONA", "HUDSON", "SINBAD", "MONTE CRISTO", "MERCEDES", "FLUFFY", and "STRINGRAY") in connection with its sale,

1 promotion and marketing of goods in commerce, constitutes infringement of Plaintiff's common

2 law trademark rights, to the injury of Plaintiff.

52. Defendant's use of the Plaintiff's marks ("BARCELONA", "HUDSON", "SINBAD","MONTE CRISTO", "MERCEDES", "FLUFFY", and "STRINGRAY") in the sale, marketing and promotion of their infringing products, which on occasion were identical to those of Plaintiff, supports an inference that their continued use would lead to a likelihood of confusion by the public.

53. The lettering, color and format of Defendant's infringing marks are similar in lettering, color and format to Plaintiff's lawful use of their marks.

54. Defendant's product bearing the Infringing Marks are significantly inferior to Plaintiff's products.

55. Upon information and belief, Defendant has also sold, distributed and advertised their infringing products to the same customers of Plaintiff's products thereby entering the same channel of trade as Plaintiff's products, and increasing the likelihood of confusion between the two products.

56. On information and believe, the acts of Defendant herein alleged were undertaken willfully and with the intent to cause confusion, defraud the public, as well as deceive the public into believe the good/services at issue were approved, sponsored by or affiliated with Plaintiff.

57. Plaintiff is entitled to injunction relieve prohibiting Defendant from using Plaintiff's marks "BARCELONA", "HUDSON", "SINBAD", "MONTE CRISTO", "MERCEDES", "FLUFFY", "STINGRAY" or any other mark likely to be confused with Plaintiff's marks.

58. Defendant's acts alleged herein have damaged Plaintiff and will, unless preliminarily and permanently retrained and enjoined, further impair the value and goodwill of the "BARCELONA", "HUDSON", "SINBAD", "MONTE CRISTO", "MERCEDES", "FLUFFY", "STINGRAY" marks and Plaintiff's business reputation, because Plaintiff has no adequate legal remedy.

/ / /

/ / /

## THIRD CAUSE OF ACTION

### (Unfair Competition under California Law)

59. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

60. Defendant's unauthorized use of Plaintiff's marks ("BARCELONA", "HUDSON", "SINBAD", "MONTE CRISTO", "MERCEDES", "FLUFFY", and "STRINGRAY") in connection with its sale, promotion and marketing of its goods in commerce, constitutes unfair competition.

61. The lettering, color and format of Defendant's Infringing Marks are similar in lettering, color and format to Plaintiff's lawful use of their marks.

62. Defendant's product bearing the Infringing Marks are significantly inferior to Plaintiff's products.

63. Upon information and belief, Defendant has also sold, distributed and advertised their infringing products to the same customers of Plaintiff's products thereby entering the same channel of trade as Plaintiff's products, and increasing the likelihood of confusion between the two products.

64. Defendant has engaged in the acts alleged herein with the intent to deceive and mislead the public into believing that the goods and/or services at issue are approved by, sponsored or affiliated with Plaintiff. Defendant's acts as alleged herein were committed with intent to deceive and defraud the public.

65. Defendant's acts as alleged herein constitute unfair competition in violation of the common law and statutory law of the State of California, including Cal. Bus. & Prof. Code §§ 17200 et seq. to the injury of Plaintiff and the public.

66. Plaintiff is entitled to injunction relieve prohibiting Defendant from using Plaintiff's marks "BARCELONA", "HUDSON", "SINBAD", "MONTE CRISTO", "MERCEDES", "FLUFFY", "STRINGRAY" or any other mark likely to be confused with Plaintiff's marks.

67. Defendant's acts alleged herein have damaged Plaintiff and will, unless preliminarily and permanently retrained and enjoined, further impair the value and goodwill of the

///

"BARCELONA", "HUDSON", "SINBAD", "MONTE CRISTO", "MERCEDES", "FLUFFY", "STINGRAY" marks and Plaintiff's business reputation, and Plaintiff has no adequate legal remedy.

## FOURTH CAUSE OF ACTION

### (False Advertising Under California Law)

68. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

69. Defendant's unauthorized use of Plaintiff's marks ("BARCELONA", "HUDSON", "SINBAD", "MONTE CRISTO", "MERCEDES", "FLUFFY", "STINGRAY") in connection with its goods and/or services as alleged herein, constitutes false advertising.

70. Defendant's product bearing the Infringing Marks are significantly inferior to Plaintiff's products.

71. Defendant's use of Plaintiff's mark was utilized in the sale, distribution and advertisement of Defendant's inferior and knock off products and/or services where the Defendant's products would be used.

72. Defendant has also sold, distributed and advertised their infringing products to the same customers of Plaintiff's products.

73. The lettering, color and format of Defendant's Infringing Marks are similar in lettering, color and format to Plaintiff's lawful use of their marks.

74. By distributing, selling and advertising products using the Infringing Marks, Defendant disseminated advertising which contained a statement which was untrue and/or misleading, because it purported to show Defendant was the creator of the Infringing Marks when in fact they were not, or that Defendant's use of Plaintiff's marks were approved, sponsored or affiliated with Plaintiff, when in fact they also were not.

75. Defendant's exercise of reasonable care would have yielded information showing Plaintiff previously using their marks in commerce. To adopt Plaintiff's marks without prior authorization for the sale of their own products was untrue and/or misleading.

///

76. Defendant's acts as alleged herein constitute false advertising in violation of the common law and statutory law of the State of California, including California Business and Professions Code §17500, to the injury of Plaintiff and the public.

77. Plaintiff is entitled to injunction relieve prohibiting Defendant from using Plaintiff's marks "BARCELONA", "HUDSON", "SINBAD", "MONTE CRISTO", "MERCEDES", "FLUFFY", "STINGRAY", or any other mark likely to be confused with Plaintiff's marks.

78. Defendant's acts alleged herein have damaged Plaintiff and will, unless preliminarily and permanently retrained and enjoined, further impair the value and goodwill of the "BARCELONA", "HUDSON", "SINBAD", "MONTE CRISTO", "MERCEDES", "FLUFFY", and "STINGRAY" marks and Plaintiff's business reputation, and Plaintiff has no adequate legal remedy.

## FIFTH CAUSE OF ACTION

### (Common Law Unfair Competition)

79. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

80. Plaintiff owns the "BARCELONA", "HUDSON", "SINBAD", "MONTE CRISTO", "MERCEDES", "FLUFFY", and "STINGRAY" marks under State common law.

81. Defendant has made subsequent unauthorized use of a mark in commerce in connection with the distribution, sale, offering for sale, and advertising of goods or services. Defendant has gone so far as to use the marks to sell identical products as the Plaintiff.

82. Upon information and belief, Defendant has also sold, distributed and advertised their infringing products to the same customers of Plaintiff's products thereby entering the same channel of trade as Plaintiff's products, and increasing the likelihood of confusion between the two products.

83. The lettering, color and format of Defendant's Infringing Marks are similar in lettering, color and format to Plaintiff's lawful use of their marks.

84. Defendant's product bearing the Infringing Marks are significantly inferior to Plaintiff's products.

85.   Defendant's acts herein alleged were undertaken willfully and with the intent to cause confusion, and an attempt to pass off the Defendant's goods. Defendant's products are inferior to the quality of Plaintiff's products. Defendant's continued use of the Infringing Marks in association with their inferior product will only result in continued confusion as to Plaintiff's products and quality, a loss of good will, and loss of profits to the Plaintiff.

86.   Plaintiff is entitled to injunctive relief prohibiting Defendant from using the Plaintiff's marks ("BARCELONA"; "HUDSON"; "SINBAD"; "MONTE CRISTO"; "MERCEDES"; "FLUFFY"; and "STINGRAY"), and from engaging in acts designed to pass off Defendant's goods as if they were Plaintiff's and/or authorized by Plaintiff.

87.   Defendant's acts alleged herein have damaged Plaintiff and will, unless preliminarily and permanently restrained and enjoined, further impair the value and goodwill of the he "BARCELONA", "HUDSON", "SINBAD", "MONTE CRISTO", "MERCEDES", "FLUFFY", "STINGRAY" marks and Plaintiff's business reputation, and Plaintiff has no adequate legal remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment as follows:

**On the First Cause of Action:**

1. For Judgement that Defendant has engaged in willful trademark infringement in violation of Section 43(a) of the Lanham Act;
2. For Defendant to be required to fully account to Plaintiff for any and all profits derived by Defendant and for all damages sustained by Plaintiff by reason of Defendant's actions complained of herein;
3. That any statutory damages be increased up to three times the amount of actual damages and awarded to Plaintiff pursuant to 15 U.S.C. §1117(a);
4. For costs of suit incurred herein under 15 U.S.C. §1117(a);
5. For such other and further relief as the Court may deem just and proper.

///

///

**On the Second Cause of Action:**

1. For Judgement that Defendant has engaged in willful trademark infringement in violation of the common law;
2. For Defendant to be required to fully account to Plaintiff for any and all profits derived by Defendant and for all damages sustained by Plaintiff by reason of Defendant's actions complained of herein
3. For costs of suit incurred herein;
4. For such other and further relief as the Court may deem just and proper.

**On the Third Cause of Action:**

1. For Judgement that Defendant has engaged in unfair competition in violation of Cal. Bus. & Prof. Code §17200;
2. For Defendant to be required to fully account to Plaintiff for any and all profits derived by Defendant and for all damages sustained by Plaintiff by reason of Defendant's actions complained of herein
3. For costs of suit incurred herein;
4. For such other and further relief as the Court may deem just and proper.

**On the Fourth Cause of Action:**

1. For Judgment that Defendant has engaged in false advertising in violation of Cal. Bus. & Prof. Code §17500;
2. For Defendant to be required to fully account to Plaintiff for any and all profits derived by Defendant and for all damages sustained by Plaintiff by reason of Defendant's actions complained of herein
3. For costs of suit incurred herein;
4. For such other and further relief as the Court may deem just and proper.

**On the Fifth Cause of Action:**

1. For Judgment that Defendant's unauthorized use of the "BARCELONA", "HUDSON", "SINBAD", "MONTE CRISTO", "MERCEDES", "FLUFFY", and "STINGRAY" marks

1 | constitutes infringement of Plaintiff's common law trademark and unfair competition in
2 | violation of the common law of California.

2. For Defendant to be required to fully account to Plaintiff for any and all profits derived by Defendant and for all damages sustained by Plaintiff by reason of Defendant's actions complained of herein

3. For costs of suit incurred herein;

4. For such other and further relief as the Court may deem just and proper.

**For all Causes of Action:**

1. Defendant and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, be forthwith preliminarily and thereafter be permanently enjoined from:

    a. Using the names "BARCELONA", "HUDSON", "SINBAD", "MONTE CRISTO", "MERCEDES", "FLUFFY", "STINGRAY", any imitation or legal equivalent thereof, or any other mark which is confusingly similar to the "BARCELONA", "HUDSON", "SINBAD", "MONTE CRISTO", "MERCEDES", "FLUFFY", "STINGRAY" marks;

    b. Committing any acts calculated to cause the public to believe that Defendant's products are associated, affiliated, sponsored by, or authorized by Plaintiff, in whole or in part;

    c. Otherwise competing unfairly with Plaintiff in any manner, including without limitation, using false advertising, a false designation or origin, false description r false representations which misrepresent the nature, characteristics or qualities, source of origin of Defendant's commercial activities; and

    d. Attempting, causing, or assisting any of the above-described acts.

2. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a

report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

Dated: September 16, 2019.　　　　　　　LAW OFFICE OF JUSTIN SOBODASH, P.C.

By: **/Justin Sobodash/**
_____
Justin Sobodash, Esq.
8335 West Sunset Boulevard, Suite 302
West Hollywood, California 90069
Telephone: (323) 337.9010
justin@sobodashlaw.com
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

    Plaintiff hereby demands a trial by jury on all issues triable of right by a jury that are raised for determination by this Complaint.

Date: September 16, 2019                      Justin Sobodash, Esq.

                                                   **/Justin Sobodash/**
By: _____
Justin Sobodash, Esq.
8335 West Sunset Boulevard, Suite 302
West Hollywood, California 90069
Telephone: (323) 337.9010
justin@sobodashlaw.com
Attorney for Plaintiff