# United States District Court
# Central District of California

| | |
|---|---|
| PELM PRODUCTS LLC, <br><br> Plaintiff, <br><br> v. <br><br> PLAZA FABRICS INC., <br><br> Defendant. | Case No. 2:19-cv-08017-ODW (MAAx) <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS [10]** |

## I. INTRODUCTION

Plaintiff Pelm Products, LLC ("Pelm Products") brings this trademark infringement and unfair competition action against Defendant Plaza Fabrics, Inc. ("Plaza Fabrics"). Pelm Products alleges that Plaza Fabrics is using its common law fabric trademarks without permission to market inferior knock-off versions to its customers, consequently causing confusion in the marketplace. (*See generally* Compl. ¶¶ 7–34, ECF No. 1). Pelm Products asserts claims invoking federal and state statutory law and common law. Before the Court is Plaza Fabrics's Motion to Dismiss Pelm Products's common law claims ("Motion"). (Mot. to Dismiss ("Mot."), ECF No. 10.) For the reasons discussed below, the Court **DENIES** Plaza Fabrics's Motion.[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

Pelm Products is a wholesale upholstery company selling various fabrics to home furnishing companies throughout North America. (Compl. ¶ 7.) Plaza Fabrics is a fabric supplier to manufacturers of home furnishings and other products. (Compl. ¶ 19.) Pelm Products owns common law trademarks to seven fabric lines: "Hudson," beginning in June 2016; "Barcelona," beginning in July 2013; "Sinbad," beginning in November 2012; "Monte Cristo" and "Mercedes," each beginning in September 2012; "Fluffy," beginning in July 2012; and "Stingray," beginning in December 2011 (collectively the "Marks"). (Compl. ¶¶ 8–14.) According to the Wyzenbeek abrasion test, which Pelm Products uses to indicate the fabric's high quality, the Marks scored 70,000 double rubs. (Compl. ¶ 17.)

Beginning sometime after Pelm Products acquired common law trademarks to the Marks, Plaza Fabrics began marketing knock-off versions of the Marks ("the Accused Products") without Pelm Products's permission. (Compl. ¶¶ 20–27.) Specifically, the lettering, color, and format of the Accused Products are identical to the lettering, color, and format of the Marks. (Compl. ¶¶ 28–30.) Moreover, the quality of the Accused Products is inferior to the quality of the Marks, scoring only 30,000 double rubs under the Wyzenbeek abrasion test. (Compl. ¶ 31.)

On September 16, 2019, Pelm Products filed its Complaint against Plaza Fabrics asserting the following claims: (1) trademark infringement, false designation of origin, in violation of the Lanham Act, 15 U.S.C. § 1125(a); (2) common law trademark infringement; (3) unfair competition, in violation of California Business and Professions Code section 17200 *et seq.*; (4) false advertising in violation of California Business and Professions Code section 17500; and (5) common law unfair competition. (Compl. ¶¶ 35–87.)

Plaza Fabrics moves to dismiss the second and fifth common law claims for failure to state a claim. (Mot. 2–3.)

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a defendant may move to dismiss "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019); Fed. R. Civ. P. 12(b)(6). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Indeed, the factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The determination whether a complaint satisfies the notice pleading standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Generally, a court may "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Furthermore, the court must construe the complaint in the light most favorable to the plaintiff and accept all allegations of material fact as true. *AlliedSignal, Inc. v. City of Phoenix*, 182 F.3d 692, 695 (9th Cir. 1999). Yet, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). However, a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the

challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986).

## IV.    DISCUSSION

Plaza Fabrics argues that Pelm Products's common law claims for trademark infringement (Second Claim) and unfair competition (Fifth Claim) should be dismissed because they are legally duplicative of Pelm Products's other, statutory claims. (Mot. 2.)

### A.    Trademark Infringement

Pelm Products asserts as its first and second claims (1) trademark infringement, false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); and (2) common law trademark infringement. (Compl. ¶¶ 35–58.) Plaza Fabrics argues that Pelm Products's second claim for common law trademark infringement must be dismissed as "the law makes no allowance for any separate tort of 'common law trademark infringement'" because the Lanham Act incorporates it. (Mot. 2.)

As a general rule, a party "may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2); *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, at 762 (9th Cir. 2015) (citing Rule 8 and holding that a claim's duplicative or superfluous character is not grounds for dismissal).

Furthermore, caselaw demonstrates that a party may assert both Lanham Act and common law trademark infringement claims. For instance, in *Century 21 Real Estate Corp. v. Sandlin*, the Ninth Circuit affirmed the lower court's grant of summary judgment for the plaintiff on all of its claims, including both a claim invoking 15 U.S.C § 1125(a) and a claim for state common law trademark infringement. 846 F.2d 1175, 1178–80 (9th Cir. 1988); *see also Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1221 (9th Cir. 2012) (ruling that common law trademark infringement claim survived summary judgment for the same reasons § 1125(a) claim survived). Similarly, in *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, the district court

analyzed the plaintiff's Lanham Act and California common law trademark infringement claims simultaneously and found that they both passed muster to survive a motion to dismiss. 998 F. Supp. 2d 890, 897–903 (C.D. Cal. 2014); *see also Charisma Brands, LLC, v. AMDL Collections, Inc.*, No. 8:19-cv-00312-JLS (KESx), 2019 WL 6331399, at *3, 6 (C.D. Cal. Sept. 3, 2019) (holding common law trademark infringement claim survived motion to dismiss for the same reasons § 1125(a) claim survived.).

As demonstrated, Pelm Products may assert a claim for trademark infringement, false designation of origin, under 15 U.S.C. § 1125(a), and a claim for California common law trademark infringement. As such, the Court **DENIES** Plaza Fabrics's motion to dismiss Pelm Products's common law trademark infringement claim.

**B.     Unfair Competition**

Pelm Products asserts three additional claims, for (3) unfair competition under California Business and Professions Code section 17200 *et seq.*; (4) false advertising under California Business and Professions Code section 17500; and (5) common law unfair competition. (Compl. ¶¶ 59–87.) Similar to above, Plaza Fabrics moves to dismiss Pelm Products's fifth claim for common law unfair competition as duplicative of its third and fourth statutory claims. (Mot. 2–3 (arguing that "the law does not recognize 'common law unfair competition' as separate and independent from [section 17200], or the Lanham Act itself").)

As with its first and second claims, Pelm Products may assert both statutory and common law claims for unfair competition simultaneously. *See* Fed. R. Civ. P. 8(d)(2). Plaza Products cites *Cleary v. News Corp.* to support its argument that the common law unfair competition claim must be dismissed as duplicative. 30 F.3d 1255 (9th Cir. 1994). There, the Ninth Circuit stated "[t]his Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." *Id.* at 1263. However, far from holding that

these claims are mutually exclusive, this statement merely recognizes that they overlap and "may be analyzed under the same standard" as a Lanham Act claim. *Rise Basketball Skill Dev., LLC v. K Mart Corp.*, No. 16-CV-04895-WHO, 2017 WL 2775030, at *3, 5 (N.D. Cal. June 27, 2017) (analyzing California common law and statutory unfair competition claims separately and finding both adequately pleaded). Thus, contrary to Plaza Fabrics's contention, the law recognizes the common law tort of unfair competition as separate from a section 17200 claim. *See Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1142, 1153 (9th Cir. 2008) (separately affirming dismissal of California common law and statutory unfair competition claims).

As a party may bring both statutory and common law unfair competition claims, the Court **DENIES** Plaza Fabrics's Motion as to this claim as well.

### V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Motion to Dismiss. (ECF No. 10.)

**IT IS SO ORDERED.**

March 23, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**